UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARONALD  v. COMMISSIONER           5:07-CV-442 (LEK/GJD)
    OF SOCIAL SECURITY
_____

ANDREA ARONALD, Plaintiff, *Pro Se*
SIXTINA FERNANDEZ, ESQ., for Defendant

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred to me for report and recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636 (b) and Local Rule 72.3(d).  Plaintiff filed this action pro se. (Dkt. No. 1).  Initially, this case proceeded in accordance with General Order 18, and the defendant filed the administrative transcript on July 6, 2007. (Dkt. No. 10).  Plaintiff, however, did not timely file the required memorandum in support of her position.  Thus, on January 24, 2008, this court ordered defendant to file his brief. (Dkt. No. 12).  Defendant's brief was filed on April 14, 2008. (Dkt. No. 17).

## PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income (SSI) benefits on June 17, 2003, alleging disability beginning February 1, 2000. Administrative Transcript (T) at 87-89.  Plaintiff's application was denied initially and on reconsideration. (T. 23-24, 25-32).  Plaintiff requested a hearing, and on September 14, 2005, she appeared *pro se* and testified before an Administrative Law Judge (ALJ). (T. 287-321).

On August 21, 2006, the ALJ found that plaintiff was disabled from June 17, 2003 until December 2, 2005. (T. 14-22). The ALJ further found that plaintiff medically improved as of December 2, 2005, and therefore, her disability ceased on that date. (T. 21-22). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 30, 2007. (T. 5-8). Plaintiff filed this action *pro se* on April 25, 2007. (Dkt. No. 1).

## DISCUSSION

**1.    Contentions**

Defendant argues that this case should be remanded to the Commissioner for further proceedings. (Def. Mem.)(Dkt. No. 17). Defendant concedes that the ALJ's decision in this case is incomplete, and the ALJ made legal errors requiring a remand for further evaluation. (Def. Mem. at 2-6). Unfortunately, the plaintiff has clearly failed to inform the court of her address. Mail that has been sent to plaintiff from this court has been returned as undeliverable, beginning on January 24, 2008 when this court ordered defendant to file his brief and attempted to send plaintiff a copy of the order. *See* (Dkt. Nos. 13, 16).

Clearly, plaintiff will not receive the defendant's brief, and thus will not be responding to defendant's argument. However, this court has reviewed defendant's papers, together with the administrative transcript in this case and finds that a remand to the agency is required. Thus, even though plaintiff has failed to keep the court apprised of her address, the court will proceed to decide this case, and recommend that

the case be remanded for further consideration.[1]

## 2. Disability Standard

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. § 1382c(a)(3)(A). A plaintiff applying for benefits must not only be unable to perform his or her past work, but also must not be able to perform any other substantial gainful work in the national economy, considering the plaintiff's age, education, and prior work experience. 42 U.S.C. § 1382c(a)(3)(B). This is true regardless of whether the appropriate work exists in the immediate area in which plaintiff lives, whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. *Id.*

The Commissioner uses a five-step process, set forth in 20 C.F.R. §§ 404.1520 and 416.920 to evaluate disability insurance and SSI disability claims. Plaintiff has the burden of establishing disability in the first four steps, ending with a determination

---

[1] The court does not believe that the case should languish while waiting to be dismissed for failure to prosecute. Plaintiff is a *pro se* Social Security claimant who is claiming disability because of a mental impairment, and the court does not wish to prejudice her by failing to decide the case. In any event, regardless of the plaintiff's failure to respond, the court has the duty to review the Commissioner's decision for substantial evidence. *See Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)(when a plaintiff is *pro se*, the court has a duty to make a "searching investigation" of the record to make sure that the claimant's rights have been adequately protected).

at step four of whether plaintiff's residual functional capacity (RFC) will allow her to perform her previous work. 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(iv). If the plaintiff establishes that her impairment prevents her from performing her past work, the burden then shifts to the Commissioner to prove the final step, which requires the Commissioner to determine whether plaintiff's RFC, age, education, and prior work experience will allow her to perform other work. *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

3.  **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)(citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)). Substantial evidence has been defined as evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 197 U.S. 229 (1938)); *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997).

4.  **Duty to Develop the Record**

When a plaintiff is *pro se*, both the Commissioner and the court have a heightened duty to ensure that the plaintiff's rights are protected. *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990). The ALJ in particular must "'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Id.* (quoting *Echevarria v. Secretary of Health and Human Services*, 685 F.2d 751, 755

(2d Cir. 1982)). The ALJ must ensure that all of the relevant facts are "'sufficiently developed and considered.'" *Id.* (quoting *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir. 1980)).

Defendant in this case concedes that the ALJ did not fulfill her duty with respect to plaintiff. Plaintiff claims disability as the result of a mental impairment. Thus, in addition to being pro se, plaintiff may have had an additional impediment to understanding or coping with the proceedings. The ALJ concluded that plaintiff was disabled between June 17, 2003 and December 2, 2005. (T. 21). The ALJ then concluded that plaintiff medically improved so that beginning on December 2, 2005, plaintiff had the RFC to perform work at any activity level, and she regained the ability to understand, remember, and carry out complex instructions, effectively deal with supervisors, co-workers, and stress. (T. 21).

A review of the record shows that it may be incomplete. During plaintiff's September 14, 2005 hearing, the ALJ asked plaintiff whether the file was complete or whether there were "outstanding medical records somewhere [.]" (T. 293). Plaintiff stated that she had not had a chance to see if the file contained updated records from her current psychiatrist. *Id.* The ALJ then stated that there was one record, but that it was "almost a year old." (T. 294). The ALJ asked plaintiff whether there was more recent treatment, and she answered that she had "ongoing treatment and ongoing medication." (T. 294).

In her decision, the ALJ stated that at one point, plaintiff's children had been taken from her because she was mentally unable to care for them. (T. 19). However,

the ALJ then stated that the "[a]ctual treatment records were not available," but that one of plaintiff's doctors reported that plaintiff had a disability onset date of May 2003 and was unable to work through April 2005. (T. 19). As stated by defense counsel, there is no indication that the ALJ attempted to obtain the relevant records and thus, did not fulfill her duty to the unrepresented plaintiff.

Defense counsel also concedes that there is no substantial evidence to determine the date of the cessation of plaintiff's disability, if the disability did cease. The ALJ chose December 1, 2005 as the date of cessation because it was "half way between April 2005 and August 2006." (T. 21). The ALJ based this conclusion upon plaintiff's physician's statement that she was unable to work until April of 2005 and a consultative physician's report in August of 2006, stating that plaintiff had experienced significant improvement. *Id.* Defendant concedes that this assumption is not supported by medical evidence.

Defense counsel attempted to contact plaintiff in an effort to obtain consent for the remand, but was unable to do so. (Dkt. No. 14). This court finds that it is in the interests of justice and fairness to the pro se plaintiff to recommend granting defendant's motion to remand for further proceedings.

**WHEREFORE**. based on the findings above, it is

**RECOMMENDED**, that defendant's motion to remand this action to the Commissioner, based on **Sentence Four** of 42 U.S.C. § 405(g) (Dkt. No. 17), be **GRANTED**, and that this case be remanded to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 28, 2008

                                                            Hon. Gustave J. DiBianco
                                                            U.S. Magistrate Judge